# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO ORDAZ, | 1:07-cv-00971-LJO-TAG HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS MOOT (Doc. 8) |
| v. | |
| DENNIS SMITH, Warden, et al, | |
| Respondents. | ORDER TO FILE OBJECTIONS WITHIN FIFTEEN DAYS |

Petitioner is a federal prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**FACTUAL AND PROCEDURAL HISTORY**

The instant petition was filed on July 6, 2007. (Doc. 1). Petitioner contends he is in the custody of the Bureau of Prisons ("BOP"), and asks the Court to issue an order directing the BOP to invalidate its criteria for Residential Re-entry Center ("RRC") placements, as reflected in BOP Program Statement 7310.4. Petitioner contends that the Program Statement is a "de facto scheme" to avoid relying exclusively on the requirements of 18 U.S.C. 3621(b) to determine whether and when an inmate should be released to an RRC before the end of his prison term. (Doc. 1, p 9). Petitioner also requests an order requiring the BOP to consider an RRC release for Petitioner "in light of the five factors in 18 U.S.C. § 3621(b)," and "with no regard to any other scheme, plan, or policy statement that would set pre-determined limits, placements, and transfer of the Petitioner to an RRC." (Id.).

On February 26, 2008, Respondents filed the instant motion to dismiss, alleging that the BOP had conducted a re-evaluation of Petitioner's release date to RRC, without reference to the challenged regulations, that the relief Petitioner had requested has been afforded to him, and therefore the petition was now moot. (Doc. 8, p. 2). Respondents state, "[t]he BOP has evaluated petitioner 'without reference to the time constraints imposed by 28 CFR § 570.20-21 or the 2002 and 2005 Community Corrections Policies.'" (Id.). As a result of this evaluation, the BOP determined Petitioner is to spend "30-90 days in a Residential Re-entry Center before his release." (Id.) In the motion to dismiss, Respondents provided a copy of the completed form entitled, "Institutional Referral for CCC Placement." (Doc. 8-3). According to the form, which is undated, it was recommended that Petitioner be released to an RRC between 30-90 days before his term expired. (Id.) Both Petitioner and Respondents agree that Petitioner's projected release date is August 22, 2008. (Doc. 1, pp. 11-12; Doc. 8-3).

## JURISDICTION

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus under 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. See e.g., Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-894 (6th Cir. 1991); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1980). To receive relief under 28 U.S.C. § 2241 a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manner. See e.g., Clark v. Floyd, 80 F.3d 371, 372, 374 (9th Cir. 1996) (contending time spent in state custody should be credited toward federal custody); Jalili, 925 F.2d at 893-894 (asserting petitioner should be housed at a community treatment center); Barden v. Keohane, 921 F.2d 476, 479 (3rd Cir. 1991)(as amended)(arguing Bureau of Prisons erred in determining whether petitioner could receive credit for time spent in state custody); Brown, 610 F.2d at 677 (challenging content of inaccurate pre-sentence report used to deny parol). A petitioner

filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian. Brown, 610 F.2d at 677.

In this case, Petitioner alleges that BOP's Program Statement 7310.04 is being unlawfully applied to avoid providing the required assessment of a prisoner's RRC release, pursuant to the criteria outlined in 18 U.S.C. § 3621(b). Petitioner asks for the invalidation of the Program Statement and an immediate assessment pursuant to § 3621(b)'s criteria. Petitioner is thus challenging the legality of the manner in which his sentence is being executed. Thus, his petition is proper under 28 U.S.C. § 2241. In addition, because Petitioner is incarcerated at the Atwater Federal Prison Camp, Atwater, California, which is within the Eastern District of California, Fresno Division, this Court has jurisdiction to proceed to the merits of the petition.

## EXHAUSTION

A preliminary question is whether petitioner has exhausted available administrative remedies. Before filing a petition for writ of habeas corpus, a federal prisoner challenging any circumstance of imprisonment must first exhaust all administrative remedies. Western Radio Services Co. v. Espy, 79 F.3d 896, 899 (9th Cir. 1996); Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984); Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983).

The exhaustion prerequisite for filing a § 2241 petition is judicially created; it is not a statutory requirement. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990), overruled on other grounds, Reno v. Koray, 515 U.S. 50, 54-55, 115 S. Ct. 2021 (1995). Thus, "[b]ecause exhaustion is not required by statute, it is not jurisdictional." Brown, 895 F.2d at 535. If a petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court." Id.; McCarthy v. Madigan, 503 U.S. 140, 144-145, 112 S. Ct. 1081 (1992), superceded on other grounds, 42 U.S.C. §1997(e).

One of the purposes of administrative exhaustion is to allow the agency an opportunity to remedy its own mistakes before being haled into court, and this applies with particular force when the challenged action involves an exercise of the agency's discretionary power. See McCarthy v.

1  Madigan, 503 U.S. at 145.  Thus, exhaustion of administrative remedies would be futile and should
2  be excused if the agency lacks authority to grant the requested relief or has predetermined the issued
3  before it.  See id. at 148.
4      Here, Petitioner concedes that he has not exhausted his administrative remedies.  However,
5  Petitioner contends that exhaustion would be futile.  (Doc. 1, p. 3).  Respondent has not addressed the
6  issue.  As mentioned, futility is an exception to the exhaustion requirement.  Laing v. Ashcroft, 370
7  F.3d 994, 1000-1001 (9th Cir. 2004).  In the instant action, it is apparent that it would be futile for
8  Petitioner to exhaust his administrative remedies because he alleges he is being denied an RRC
9  placement prior to the last ten percent of his prison sentence and an immediate assessment based on
10  formally-adopted BOP regulations and program statements, the validity of which BOP strenuously
11  maintains.  In the Court's view, therefore, Petitioner's exhaustion of his administrative remedies is
12  not a pre-requisite to the district court's jurisdiction over the case because of the BOP's intractable
13  and immutable policy against the relief sought.

14  **DISCUSSION**

15      The case or controversy requirement of Article III of the federal constitution deprives the
16  Court of jurisdiction to hear moot cases.  Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70, 104
17  S.Ct. 373 (1983); N.A.A.C.P., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir.
18  1984).  A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a
19  legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481, 102 S. Ct. 1181
20  (1982).  The federal court is "without power to decide questions that cannot affect the rights of the
21  litigants before them." North Carolina v. Rice, 404 U.S. 244, 246, 92 S. Ct. 402 (1971) (per curiam)
22  (quoting Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-241, 57 S. Ct. 461 (1937)).
23      Here, the instant petition requested an order from this Court directed to the BOP requiring it
24  to "consider the appropriateness of transferring the Petitioner to an RRC in light of the five factors in
25  18 U.S.C. § 3621(b) only, and with no regard to any other scheme, plan, or policy statement that
26  would set pre-determined limits, placements, and transfer of the Petitioner to an RRC." (Doc. 1, p.
27  9).  This appears to be precisely the relief provided by the BOP in its re-evaluation of Petitioner's
28  RRC assessment and release date.  (Doc. 8-4).

Were immediate re-assessment the only relief requested by Petitioner, the petition would be moot and the Court would agree with Respondents that the motion to dismiss should be granted. However, Petitioner also challenges Program Statement 7310.04 as a de facto scheme for Respondents to avoid relying exclusively on the criteria of § 3621(b).

The Court finds this argument insufficient on its face to state a federal claim. The Program Statement does not, as Petitioner has suggested, improperly limit the discretion of BOP to make an RRC placement in any individual case or provide Respondents with an avenue to avoid relying on the appropriate statutory criteria set forth in § 3621(b). Rather, the regulation merely requires that BOP make an RRC placement assessment *at least* eleven to thirteen months prior to the inmate's release date. Nothing in the Program Statement prevents the BOP, in the exercise of its statutory discretion, from making an earlier determination, as it has done in this case, although the Court is not aware of any statute or regulation that requires such expedited action by the BOP.

In other words, the Program Statement simply insures that inmates will receive an RRC assessment sufficiently in advance of their release date to permit them to make appropriate plans prior to their transfer. Because the Program Statement does not limit or otherwise intrude on the BOP's exercise of discretion in making its RRC assessment, the Program Statement is not in any way analogous to the 2002 and 2005 regulations that many courts, including this one, have found to be an illegal limitation on the discretion vested in the BOP by § 3621(b).

Moreover, a habeas claim cannot be sustained based solely upon the BOP's purported violation of its own Program Statement. Under 28 U.S.C. § 2241, a petitioner's custody need not be in violation of the Constitution; a violation of federal law is sufficient. See 28 U.S.C. § 2241(c)(3). However, the violation of a BOP Program Statement is not a violation of federal law. Program Statements are "internal agency guidelines [that] may be altered by the Bureau at will" and that are not "subject to the rigors of the Administrative Procedure Act, including public notice and comment." Jacks v. Crabtree, 114 F.3d 983, 985 n. 1 (9th Cir.1997). BOP Program Statements are simply interpretive rules. Reno v. Koray, 515 U.S. at 61. "[T]he internal guidelines of a federal agency, that are not mandated by statute or the constitution, do not confer substantive rights on any party." United States v. Craveiro, 907 F.2d 260, 264 (1st Cir. 1990); see also e.g., Schweiker v.

Hansen, 450 U.S. 785, 789, 101 S. Ct. 1468 (1981) (Social Security Administration Manual was only regulation, had no legal force, and did not bind government); United States v. Busher, 817 F.2d 1409, 1411 (9th Cir.1987) (United States Attorneys' internal guidelines do not create any rights enforceable at law); Thompson v. United States, 592 F.2d 1104, 1110 (9th Cir.1979) (government safety manual or safety programs do not grant right to have them followed); United States v. Caceres, 440 U.S. 741, 99 S. Ct. 1465 (1979) (failure to follow internal IRS regulations did not violate federal law).

Applying those principles here, once Petitioner's claim that he is entitled to an immediate assessment for RRC release has been rendered moot by the BOP's re-assessment of Petitioner's RRC release, the only remaining claim is Petitioner's conclusory assertion that Program Statement 7310.04 is illegal and being unlawfully used by Respondents. Since a violation of such a program statement is not a violation of federal law, the Court concludes that the instant petition does not contain any non-moot claims that allege a violation of federal law. Accordingly, the petition should be dismissed.

Moreover, the Court is unaware of any authority requiring the BOP to conduct its RRC eligibility reviews or immediately transfer a prisoner to an RRC facility *on demand of the prisoner*. Indeed, while case law from this Court suggests that Petitioner is entitled to an RRC assessment made independently of the 2002 and 2005 regulations, Petitioner cites no authority for the proposition that he has either a statutory or constitutional right to an immediate assessment or transfer.

Finally, for good reason, the Court is reticent to micro-manage the BOP regarding inmate RRC assessments and placements. "[F]ederal courts ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment....Such flexibility is especially warranted in the fine-tuning of the ordinary incidents of prison life...." Sandin v. Conner, 515 U.S. 472, 482, 115 S. Ct. 2293 (1995). In Procunier v. Martinez, 416 U.S. 396, 404-405, 94 S. Ct. 1800 (1974), overruled in part on other grounds, Thornburgh v. Abbott, 490 U.S. 401, 413 (1989), the Supreme Court explained the basis for this deference:

///

> Traditionally, federal courts have adopted a broad hands-off attitude toward problems of prison administration. In part this policy is the product of various limitations on the scope of federal review of conditions in state penal institutions. More fundamentally, this attitude springs from complementary perceptions about the nature of the problems and the efficacy of judicial intervention. Prison administrators are responsible for maintaining internal order and discipline, for securing their institutions against unauthorized access or escape, and for rehabilitating, to the extent that human nature and inadequate resources allow, the inmates placed in their custody. The Herculean obstacles to effective discharge of these duties are too apparent to warrant explication. Suffice it to say that the problems of prisons in America are complex and intractable, and, more to the point, they are not readily susceptible of resolution by decree. Most require expertise, comprehensive planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government. For all of those reasons, courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform. Judicial recognition of that fact reflects no more than a healthy sense of realism.

Procunier, 416 U.S. at 404-405

It also bears emphasis that although Respondents filed the instant motion to dismiss more than six weeks ago, Petitioner has not filed any opposition or response to the motion. If Petitioner objects to dismissal, he has not presented those objections in these proceedings. For all of the foregoing reasons, the Court will recommend that the petition be dismissed as moot and for failure to raise a federal claim upon which relief can be granted.

## **RECOMMENDATIONS**

Accordingly, the Court RECOMMENDS that:

1. The motion to dismiss (Doc. 8), be GRANTED;

2. The petition for writ of habeas corpus (Doc. 1), be DISMISSED as moot and for failure to raise claims upon which habeas relief can be granted; and

3. The Clerk of Court be DIRECTED to enter judgment.

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fifteen (15) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The

1 | parties are advised that failure to file objections within the specified time may waive the right to
2 | appeal the District Judge's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

4 | IT IS SO ORDERED.

5 | Dated:   **April 10, 2008**               <u>         /s/ Theresa A. Goldner         </u>
                                                    UNITED STATES MAGISTRATE JUDGE